UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERHARD BENNETT,<br>　　　Plaintiff | § § § | |
| vs. | § § § | CIVIL ACTION NO. 4:06-cv-02722 |
| LEGAL MEDIATION PRACTICE, INC.,<br>　　　Defendant | § § § | JURY DEMAND |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Gerhand Bennett, Plaintiff in the above-numbered and styled case, complaining of and against Legal Mediation Practice, Inc., and for cause of action would respectfully state the following:

### I.  INTRODUCTION

1. This is an action for damages brought by an individual consumer alleging that Defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Texas Debt Collection Act, Tex.Fin.Code § 392.301 et seq. (hereinafter "TDCA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Venue in this District is proper in that the Defendant transacts business here and/or the conduct complained of occurred here.

### III.  PARTIES

3. Plaintiff, Gerhard Bennett, is an individual residing at 206 Wilcrest Drive, Houston, Texas 77042.

4. Defendant, Legal Mediation Practice, Inc. (hereinafter LMP), is a Florida corporation engaged in the business of collecting debts in this state with its principal place of business located at 1919 Blanding Boulevard, Suite 19, Jacksonville, Florida 32210. The principal purpose of Defendant LMP is the collection of debts using the mails, and Defendant LMP regularly attempts to collect debts alleged to be due another.  LMP may be served through the Texas Secretary of State's office, since it has no registered agent in Texas.

5. Defendant LMP is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### IV.  FACTUAL ALLEGATIONS

6. On or about February 24, 2006, Plaintiff entered into a payday loan transaction with Republic Bank and Trust Company in the amount of $425.00.  The annual percentage rate on the loan document is listed as 459.90%.   Following default on the loan, collection of the outstanding debt was turned over to Defendant LMP.

7. Plaintiff had been contacted by Defendant LMP numerous times in regards to the collection of the debt.  Several phone calls were placed to Plaintiff's grandmother's, residence, despite Plaintiff's request that LMP stop calling that number.

8. On or about June 7, 2006, Plaintiff received a telephone call from LMP threatening to prosecute Plaintiff in Harris County, Texas on charges of intent to commit fraud.  Plaintiff was offered a settlement of the account by making three payments to be dated June 15, 2006, July 15, 2006 and August 15, 2006 in the amounts of $212.50, $212.50 and approximately $89.00 respectively.  Out of fear of criminal prosecution, Plaintiff agreed to the payment plan.

9. On or about July 15, 2006, Plaintiff had insufficient funds to make the second payment of $212.50.

10. On July 17, 2006 Plaintiff received a telephone call from LMP. An employee of LMP who identified himself as "Senior Partner" informed Plaintiff that he was going forward with Plaintiff's case unless Plaintiff could provide the deficient payment of $212.50 within two hours of the call.

11. In the same telephone call of July 17, 2006, Defendant's representative also indicated that the previous payment of $212.50 made in June, 2006 would no longer be applied to the amount owed on the debt. Instead, LMP would take that payment and apply it to their own collection fees.

## V.  CLAIM FOR RELIEF UNDER FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff incorporates paragraphs 1-11 above.

13. Defendant LMP violated the FDCPA by threatening the Plaintiff with criminal prosecution in violation of 15 U.S.C. § 1692e(4), (5), (7) and (10).

14. Defendant LMP violated the FDCPA by applying funds collected from the Plaintiff towards fees not authorized by agreement in violation of 15 U.S.C. § 1692f(1).

15. As a result of these violations of the FDCPA, Defendant is liable to the Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

## VI. CLAIM FOR RELIEF UNDER THE TEXAS DEBT COLLECTION ACT AND TEXAS DECEPTIVE TRADE PRACTICES ACT

16. Plaintiff incorporates paragraphs 1-11 above.

17. Defendant LMP violated the TDCA by misrepresenting that Plaintiff committed a crime and would be charged with a crime in violation of Tex. Fin. Code § 392.301(a)(2), (5) and (6).

18. Defendant violated the TDCA by using false and deceptive means in order to induce Plaintiff to make payments on the account in violation of Tex. Fin. Code § 392.304(a)(19).

19. As a result of these violations of the TDCA, Defendant is liable to the Plaintiff for injunctive relief, actual damages, statutory damages, and costs and attorney's fees.

20. Because violations of the TDCA constitute deceptive trade practices under Tex. Fin. Code § 392.404(a), Defendant has also violated the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41 et. seq. Furthermore, because the Defendant acted knowingly and/or intentionally Plaintiff is entitled to additional damages under the DTPA.

## VII.  JURY DEMAND

21. Plaintiff demands a jury trial.

## VIII.  PRAYER

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Injunction based on Defendant's conduct which violated the TDCA;

B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Tex. Fin. Code § 392.403(a)(2) and Tex. Bus. & Com. Code § 17.50(b)(1);

C. Statutory damages pursuant to 15 U.S.C. § 1692(k)(a) and Tex. Fin. Code § 392.403(a)(2);

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k)(a)(3) and Tex. Fin. Code § 392.403(b) and Tex. Bus. & Com. Code § 17.50(d), including fees in the event of appeal;

E. Additional damages pursuant to Tex. Bus. & Com. Code § 17.50(b)(1), and

F. Such other and further relief as may be just and proper.

Respectfully submitted,


_/s/ Dana Karni_____
DANA KARNI
LAW OFFICE OF RICHARD TOMLINSON
State Bar No. 24044379
S.D. Texas Bar No. 592484
One Greenway Plaza, Suite 325
Houston, Texas 77046
Telephone:   (713) 627-2100
Facsimile:    (713) 627-2101

ATTORNEY FOR PLAINTIFF